O’Donnell, J.,
dissenting.
{¶ 18} I respectfully dissent.
*280 {¶ 19} This case presents a question of statutory interpretation regarding whether an unvested, contingent future interest in military retirement benefits is marital property subject to equitable division in a divorce proceeding. This question is substantially different from the division of assets held in a pension or individual retirement account — which are customarily divided using a qualified domestic-relations order — because in this instance, the benefits are not currently owned by either party to the divorce, can only be acquired, if ever, after termination of the marriage, and may never vest. The General Assembly has specifically defined marital property to include only assets currently owned by a party to a proceeding and therefore has not provided that unvested interests or future interests in property are marital assets. Accordingly, because these military retirement benefits are not marital property, the appellate court correctly resolved this issue, and its judgment should be affirmed.
{¶ 20} The role of the judiciary in the exercise of the judicial power granted by the Constitution is to interpret the law that the General Assembly enacts, and the primary goal in construing a statute is to ascertain and give effect to the intent of the legislature. State v. Robinson, 124 Ohio St.3d 76, 2009-Ohio-5937, 919 N.E.2d 190, ¶ 18. Here, the General Assembly has clearly expressed its intent by enacting R.C. 3105.171(A)(3)(a), which specifically defines “marital property” to include:
(i) All real and personal property that currently is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
(ii) All interest that either or both of the spouses currently has in any real or personal property, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage.
(Emphasis added.) Notably, marital property includes retirement benefits of the spouse acquired during the marriage and all interests that either spouse currently has in the retirement benefits at the time of the equitable division of property. The General Assembly could have also included unvested interests in retirement benefits or future interest in property that a spouse may receive or acquire at a future time, but it chose not to include such an inchoate interest in the definition of marital property. Thus, future interests in property that might possibly vest, if at all, after the termination of a marriage have not been acquired during the marriage and are not currently owned by either or both spouses, and a spouse *281 currently has no interest in such benefits. Therefore, they are not marital property subject to equitable division by a trial court.
{¶ 21} In this case, at the time of the divorce, Sean Daniel did not currently own any right to military retirement benefits from the National Guard, because he had not accumulated 20 years of service credit. Nor did he currently have an interest in those benefits, because that interest had not vested and could only vest into an enforceable right to payment in the future — only after termination of the marriage. Notably, he had no ownership right or possessory interest in those benefits that would permit him to bring a cause of action for a pro rata share of those benefits based on his years of service in the National Guard at the time of the divorce. And because he had not acquired any right to receive retirement benefits from the National Guard during the marriage, the trial court had nothing to divide.
{¶ 22} Thus, contrary to the view of the majority, which ignores the General Assembly’s use of the word “currently” in defining marital property, I would decide this case in accord with the expressed intent of the legislature as set forth in the plain language of the statute. The General Assembly has defined the term “marital property” to include property that is currently owned by either spouse, including retirement benefits, and all interest that either spouse currently has in retirement benefits. Since neither spouse here currently has a vested interest in these benefits, they are not marital property, and the domestic relations court may not divide them nor consider them in its distribution of marital assets.
{¶ 23} If the General Assembly believes that a change in its policy is warranted, it may choose to include unvested interests in retirement benefits as marital property at some future time. But at present, it has not done so, and this court has taken upon itself the role of legislating from the bench in its conclusion that it will order these benefits to be considered as marital property. I cannot join in this action, because I believe in judicial restraint and the role of the court as being limited to interpreting the law as written by the General Assembly.
{¶ 24} The court of appeals correctly adjudicated this issue, and I would affirm its judgment.